WO                                                                                                          **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Eldon Rogers, ) | No. CV 07-142-PHX-MHM (JRI) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Dora B. Schriro, et al., ) | |
| Defendants. ) | |

Before the Court are Magistrate Judge Irwin's January 28, 2008 Order to Show Cause (Doc. # 62), Plaintiff's Response (Doc. # 64), the Court's March 27, 2008 Report and Recommendation (R&R) (Doc. # 66), and Plaintiff's Objections thereto (Doc. # 67). The Court will not adopt the R&R and direct the served Defendants to provide under seal the last known home addresses of the unserved Defendants.

**I.      Background and Procedural History**

Plaintiff filed his original Complaint on January 10, 2007, asserting violations of his civil rights while incarcerated at the Arizona Department of Corrections (ADC) (Doc. # 1). Plaintiff's Second Amended Complaint was filed on August 27, 2007 (Doc. # 37). Defendants Martinez, Cluff, Kinsler, Schuster, Rivera, Ryan, and Trujillo have not yet been served; all seven unexecuted waivers of service reflect that the unserved Defendants are no

longer employed with the ADC.[1] On January 28, 2008, Magistrate Judge Irwin ordered Plaintiff to show cause why the above named Defendants should not be dismissed for failure to serve. Plaintiff responded to the Order to Show Cause, and on March 27, 2008, Magistrate Judge Irwin filed a R&R recommending that the seven unserved Defendants be dismissed for failure to serve within the time prescribed by Federal Rule of Civil Procedure 4(m). Plaintiff filed objections to the R&R.[2]

## II.    Legal Standard

Federal Rule of Civil Procedure 4(m) provides that if a summons and complaint are not served upon a defendant within 120 days after filing, the court shall, after notice to the plaintiff, either dismiss the action or, if the plaintiff shows good cause for the failure, direct that service be effected within a specified time. The Ninth Circuit recently explained that Rule 4(m) "*requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay. Additionally, the rule *permits* the district court to grant an extension even in the absence of good cause." Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007) (internal citations omitted) (emphasis in original).

Ninth Circuit case law establishes that it is the responsibility of the plaintiff to provide the information necessary to identify a defendant. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 273 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the unserved defendants is appropriate. See id. at 1421-22. Although the Ninth Circuit has not clearly defined what constitutes "information necessary to identify the defendant," our own district court has indicated that such information includes the name and address of the defendant. Haywood

---

[1] The unexecuted waivers of service are dated between September 18 and October 29, 2007 (see Doc. ## 41, 44, 46, 48-49, 54-55).

[2] Plaintiff's objections were filed beyond the 10 days permitted by Federal Rule of Civil Procedure 72(b). Nevertheless, the Court will consider Plaintiff's objections.

v. Bedatsky, CV 05-02179-PHX-DGC, Doc. #170 at 7-8 (D. Ariz. May 11, 2007) (defendants dismissed pursuant to Rule 4(m) because the plaintiff did not show that he provided Marshal with the addresses of defendants); Powell v. Miles, CV 03-01819-PHX-JAT, Doc. #192 at 15-16 (D. Ariz. August 30, 2006) (good cause shown for lack of service of original complaint because prisoner-plaintiff provided Marshal with the correct location of the defendant); see also Moore v. Jackson, 123 F.3d 1082, 1085-86 (8th Cir. 1997) (good cause shown for failure to serve where prisoner-plaintiff provided Marshal with list of all defendants and their addresses); but see Sellers v. U.S., 902 F.2d 598, 602 (9th Cir. 1990) (information necessary to identify the defendant requires no more than the information sufficient to identify the prison guard; "once that information has been provided, the Marshal should be able to obtain a current business address and complete service").

**III.   Plaintiff's Contentions**

In his response to Magistrate Judge Irwin's Order to Show Cause, Plaintiff contends that as a prisoner he cannot obtain any current information about the unserved Defendants. Plaintiff also claims that he has relied on the United States Marshal to effect service and asks the Court to direct the served Defendants to accept service on behalf of the Defendants who are no longer employed by the ADC (Doc. # 64).

In his objections to Magistrate Judge Irwin's R&R, Plaintiff requests that the Court order the served Defendants' counsel to provide Plaintiff with current addresses for the unserved Defendants (Doc. # 67).

**IV.   Analysis**

All seven unserved Defendants are former employees of the ADC. Thus, Plaintiff provided the most current information he had available in the service packets that he returned to the Court. But it is highly unlikely that Plaintiff would be able to effect service on the former employees without obtaining current address information through discovery or with the assistance of the Court. And while it is undisputed that Plaintiff took no action between September 18—when the first waiver of service was returned unexecuted—and December 26, 2007—when service should have been completed—Plaintiff claims that he did not know

what he could do to effect service. Being mindful of the Court's obligation to extend service if good cause is shown, and considering Plaintiff's avowal that he was unsure how to proceed, in an abundance of caution, the Court will provide Plaintiff with *one final* opportunity to effect service on the unserved Defendants. See Sellers, 902 F.2d at 602. The Court will direct the served Defendants to provide, under seal, the last known home addresses of Defendants Martinez, Cluff, Kinsler, Schuster, Rivera, Ryan, and Trujillo.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Show Cause (Doc. # 64) is **GRANTED**.

2. Magistrate Judge Irwin's Report and Recommendation (Doc. # 66) is **not adopted**.

3. On or before **July 1, 2008**, the served Defendants shall provide under seal the last known home addresses of Defendants Martinez, Cluff, Kinsler, Schuster, Rivera, Ryan, and Trujillo. In the alternative, Defendants may file notices accepting service on behalf of the foregoing defendants. Except for disclosure to the U.S. Marshals Service, Defendants' addresses shall be kept confidential and any documents relating to service on the defendants named herein shall be filed under seal.

**IT IS FURTHER ORDERED**:

1. Upon receipt of the addresses of Defendants Martinez, Cluff, Kinsler, Schuster, Rivera, Ryan, and Trujillo, the Clerk of Court shall complete service packets and forward them to the United States Marshals Service.

2. Service shall be made on or before **July 18, 2008** at Government expense by the United States Marshal or his authorized representative pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure. Failure to accomplish service within this time period may result in dismissal of Plaintiff's claims against Defendants Martinez, Cluff, Kinsler, Schuster, Rivera, Ryan, and Trujillo for failure to serve pursuant to FED.R.CIV.P. 4(m).

3. Defendants shall have **twenty (20) days** from the date of service within which to answer or otherwise respond to the Complaint as provided by the Federal Rules of Civil Procedure.

4. Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer or responsive pleading that does not identify the specific Defendant(s) by name on whose behalf it is filed.

DATED this 20th day of June, 2008.

_____
Mary H. Murguia
United States District Judge